

January 23, 2026

Ms. Shandra Carter
Executive Director
Texas Juvenile Justice Department
P.O. Box 12757
Austin, Texas 78711

**Opinion No. KP- 0506**

Re: Office of Independent Ombudsman authority to interview youth and inspect facilities under Chapter 261 of the Human Resources Code (RQ-0583-KP)

Dear Ms. Carter:

You tell us that the Office of Independent Ombudsman ("Office") must review and investigate "complaints 'concerning the actions of the department, juvenile probation departments, or other entities operating facilities in which children adjudicated for conduct that constitutes an offense are placed'" when it appears that "assistance from the Office may be needed."[1] You explain that the Office also "review[s] or inspect[s] periodically the facilities and procedures of any institution or residence in which a child adjudicated for conduct that constitutes an offense has been placed by the department or a juvenile probation department, whether public or private, to ensure that the rights of children are fully observed." Request Letter at 2 (quoting TEX. HUM. RES. CODE § 261.101(a)(4)). Considering these duties, you ask whether the Office has authority to interview children "who have been adjudicated for delinquent conduct constituting a felony and have been ordered committed to" the Texas Juvenile Justice Department. Id. at 1. You also ask whether the Office may "review and inspect" facilities when the same children are "housed in a county pre-adjudication [detention] facility" while awaiting transport to a Department facility. Id. at 1–2. You explain that while the Department "endeavors to take custody of adjudicated youth as soon as possible, there are approximately 100 adjudicated children across the State awaiting transport" to a Department facility at any given time. Id. at 2. With this context in mind, we limit this opinion to the statutory provisions you raise as applied to children "who have been adjudicated for delinquent conduct constituting a felony and committed to the Department."[2]

---

[1] Letter from Ms. Shandra Carter, Exec. Dir., Tex. Juv. Just. Dep't, to Hon. Ken Paxton, Tex. Att'y Gen. at 1–2 (Feb. 21, 2025), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2025/RQ0583KP.pdf ("Request Letter") (quoting TEX. HUM. RES. CODE § 261.101(a)(2)–(3)).

[2] You do not ask about the Office's other power and duties, so we do not address them. See id.

I.      **Both the Department and the Office work in tandem to protect the rights of children within the juvenile justice system.**

We begin with the role and authority of the Department and Office. To start, the Department—through its board—must adopt "reasonable rules" that provide "minimum standards for public and private juvenile *pre-adjudication secure detention facilities*[] . . . that are operated under the authority of a juvenile board or governmental unit." TEX. HUM. RES. CODE § 221.002(a)(4) (emphasis added). *See generally id.* § 201.001(a)(1) ("'Board' means the Texas Juvenile Justice Board."), (4) ("'Department' means the Texas Juvenile Justice Department."), (6) ("'Juvenile board' means a body established by law to provide juvenile probation services to a county."). The minimum standards must ensure that facilities observe "the rights, benefits, responsibilities, and privileges to which a juvenile is entitled under the United States Constitution, federal law, and the [C]onstitution and laws of this state." *Id.* § 221.002(d). Certain physical and psychological standards are also required, including "a humane physical and psychological environment, safe conditions of confinement, protection from harm, adequate rehabilitation and education, adequate medical and mental health treatment, and due process of law." *Id.* The Department has enacted these pre-adjudication facility standards. *See, e.g.*, 37 TEX. ADMIN. CODE §§ 343.100–.818 (implementing standards for secure pre- and post-adjudication facilities).

To ensure compliance with established facility standards, the Department "may inspect any program or facility operated on behalf of and under the authority of the juvenile board by the probation department, a governmental entity, or private vendor." TEX. HUM. RES. CODE § 221.008(b). This includes pre-adjudication facilities. For example, the Department must "inspect each public or private juvenile pre-adjudication secure detention facility." TEX. FAM. CODE § 51.12(c-1). This authority extends to "each public or private juvenile post-adjudication secure correctional facility that is *not* operated by the [D]epartment." *Id.* § 51.125(c) (emphasis added).

Perhaps most relevant to your inquiry is the Department's responsibility to adopt rules that "authorize a juvenile probation department to house a child committed to the [D]epartment in a pre-adjudication secure detention facility . . . as the child awaits transfer to the [D]epartment." TEX. HUM. RES. CODE § 221.002(d-1). One example of this is found in a regulatory provision governing secure pre- and post-adjudication facilities: a child committed to the Department who "is awaiting transport to a [Department] facility may be housed in a post-adjudication secure facility in a bed that is designated as a pre-adjudication bed or dually designated as a pre-adjudication bed or a post-adjudication bed." 37 TEX. ADMIN. CODE § 343.206(c). Thus, the juvenile justice system acknowledges that children committed to the Department may temporarily be held in a county pre-adjudication facility while awaiting transport to a Department facility.

The Office is an independent auxiliary of the Department and was "established for the purpose of investigating, evaluating, and securing the rights of children," TEX. HUM. RES. CODE §§ 261.002, .003—*i.e.*, those between the ages of ten and eighteen who are "committed to the [D]epartment," *id.* § 201.001(a)(2)(B); *see also id.* § 261.002(1). To "remedy the long-term and extensive problems" arising from abuse allegations, House Comm. on Corr., Bill Analysis, Tex. C.S.S.B. 103, 80th Leg., R.S. (2007), the Legislature mandated that the Office "review the procedures established by the board and evaluate the delivery of services to children to ensure that

the rights of children are fully observed," TEX. HUM. RES. CODE § 261.101(a)(1); "provide assistance to a child" who the Office "determines is in need of assistance, including advocating with an agency, provider, or other person in the best interests of the child," *id.* § 261.101(a)(5); and "recommend changes in any procedure relating to the treatment of children committed to the [D]epartment," *id.* § 261.101(a)(7). *See generally id.* § 261.101 (detailing other powers and duties). The Office was also directed to "develop a comprehensive set of risk factors" and conduct risk-based inspections of certain facilities. *Id.* § 261.105(a); *see also id.* § 261.106(a) (providing that the Office must adopt a "policy prioritizing the inspection of facilities"). Ultimately, the Office submits a quarterly report to specific state officials that addresses a variety of topics—including the Office's work, investigatory results, and recommendations. *Id.* § 261.055(a); *see also, e.g.*, *id.* § 261.055(b) (reporting related to other "particularly serious or flagrant" matters).

In sum, this backdrop makes clear that pre-adjudication facilities are not beyond the regulatory reach of either the Department or the Office. Your inquiry nonetheless requires us to assess whether the statutory authority you raise is limited by a child's physical location in a Department facility.

**II.     The Office may conduct certain interviews in or inspections of pre-adjudicatory facilities while children are awaiting transport to a Department facility.**

Whether the Office's statutory powers and duties are limited by the location of a child—adjudicated for felonious delinquent conduct and committed to the Department—is an issue of statutory interpretation. We "endeavor to read the statute contextually, giving effect to every word, clause, and sentence." *In re Off. of Att'y Gen.*, 422 S.W.3d 623, 629 (Tex. 2013). "While we must consider the specific statutory language at issue, we must do so while looking to the statute as a whole, rather than as 'isolated provisions.'" *Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014) (quoting *TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011)). "Put differently, our objective is not to take definitions and mechanically tack them together[;] . . . [instead] we consider the context and framework of the entire statute and meld its words into a cohesive reflection of legislative intent." *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 326 (Tex. 2017).

We start with the statutory text to "ascertain[] and giv[e] effect to the Legislature's intent as expressed by the plain and common meaning of the statut[es'] words." *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007). We also "presume the Legislature selected statutory words, phrases, and expressions deliberately and purposefully and was just as careful in selecting the words, phrases, and expressions that were included or omitted." *In re Xerox Corp.*, 555 S.W.3d 518, 527 (Tex. 2018).

**A. The Office is authorized to interview a child while placed in a county pre-adjudication facility awaiting transport to a Department facility.**

Section 261.101 establishes that the Office has a wide range of powers and duties to ensure the rights of children are observed. TEX. HUM. RES. CODE § 261.101. You first ask about interviewing children pursuant to subsections 261.101(a)(2) and (a)(3) who are temporarily housed

in a pre-adjudication facility. Request Letter at 1−2; *see* TEX. HUM. RES. CODE § 261.101(a)(2)–(3).

### 1. Human Resources Code subsection 261.101(a)(2)

Subsection 261.101(a)(2) accounts for the Office's review and investigation of filed complaints "concerning the actions of the [D]epartment, juvenile probation departments, or *other entities* operating facilities in which children adjudicated for conduct that constitutes an offense *are placed*." TEX. HUM. RES. CODE § 261.101(a)(2) (emphases added); Request Letter at 1–2. These central terms are not defined so we look to the ordinary meaning found in dictionary definitions. *See Tex. State Bd. of Exam'rs of Marriage & Fam. Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 35 (Tex. 2017).

"Investigate" means "to observe or study by close examination and systematic inquiry," "to make a systematic examination," or "to conduct an official inquiry." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 659 (11th ed. 2004). This necessarily contemplates an inquiry about the details in the complaint, which would include interviewing the child. *See id.* Furthermore, the term "placed" means "to put in as if in a particular place or position" as well as "to direct to a desired spot." *Id.* at 946. This definition accounts for a physical placement as well as an assigned placement. Thus, we look to the statute to decipher which definition applies.

Subsection 261.101(a)(2) applies to children who "are placed" at certain facilities. TEX. HUM. RES. CODE § 261.101(a)(2). "Are" is a form of "to be" and "placed" is the past participle of the verb "place." *See* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 903 (11th ed. 2004) (defining "past participle"); BRYAN A. GARNER, GARNER'S MODERN AMERICAN USAGE 777−78 (2003). The phrase "in which children adjudicated for conduct that constitutes an offense are placed" modifies "facilities." *See* TEX. HUM. RES. CODE § 261.101(a)(2). This suggests the child is physically at the facility because the modifying phrase identifies which facilities are within the scope of an eligible complaint. *Id.* (providing that complaints can be filed "concerning the actions of" certain entities "operating facilities in which children adjudicated for conduct that constitutes an offense are placed").

Subsection 261.101(a)(2) does not indicate the facility must be the ultimate destination, such as a Department facility. *See id.* Moreover, there is nothing in section 261.101 or other provisions in Chapter 261 suggesting otherwise. *See Tex. Med. Ass'n*, 511 S.W.3d at 34 ("Because the statute and the rule do not define these key terms, we must apply their common, ordinary meaning unless a contrary meaning is apparent from the statute's language."). *See generally* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 69 (2012) (discussing ordinary meaning canon). Thus, in a situation where the child's physical location—the place where the action occurred resulting in a complaint—is not the final location, the Office is permitted to review and investigate the complaint, including conducting interviews with the child. This includes a child temporarily housed in a county pre-adjudication facility.

### 2. Human Resources Code subsection 261.101(a)(3)

You also ask about subsection 261.101(a)(3). Request Letter at 2. This provision contains two subsections that permit the Office to investigate complaints as well as systemic issues raised in those complaints. TEX. HUM. RES. CODE § 261.101(a)(3). Like subsection 261.101(a)(2), subsection 261.101(a)(3) references "a facility" where children "are placed." *Id.* § 261.101(a)(3). Specifically, it provides that the Office must investigate complaints "about the provision of services to children by the [D]epartment, juvenile probation departments, or *other entities* operating facilities in which children adjudicated for conduct that constitutes an offense *are placed*." *Id.* § 261.101(a)(3)(B) (emphases added). You ask about whether the phrase "other entities" includes county pre-adjudication facilities where a child is temporarily placed. Request Letter at 2. Like subsection 261.101(a)(2), subsection 261.101(a)(3)(B) does not limit the placement to a specific facility. TEX. HUM. RES. CODE § 261.101(a)(3)(B). Applying the ordinary meaning of "placed," subsection 261.101(a)(3)(B) counsels the same conclusion as subsection 261.101(a)(2). *See supra* p. 4.

Subsection 261.101(a)(3)(A), on the other hand, provides that the Office must "conduct investigations of complaints" if the Office determines that "a child committed to the [D]epartment[] . . . *or* the child's family may be in need of assistance from the [O]ffice." TEX. HUM. RES. CODE § 261.101(a)(3)(A) (emphasis added). As before, the term "investigate" encompasses interviewing a child. *See* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 659 (11th ed. 2004) (defining "investigate"); *see also supra* p. 4. In construing this provision, we presume the Legislature used "or" instead of "and" for a reason. *See Malouf v. State ex rels. Ellis*, 694 S.W.3d 712, 725 (Tex. 2024). The comma after "[D]epartment" and the use of "or" following the series of noun phrases, which are also separated by commas, establish alternative situations where the Office must "conduct investigations of complaints" should it "determine" that its assistance is needed. *See generally* READING LAW, *supra*, at 116 (discussing conjunctive/disjunctive canon), 161 (discussing punctuation canon). One of these situations is when the child is committed to the Department—regardless of where the child is located. *See* TEX. HUM. RES. CODE § 261.101(a)(3)(A). Put simply, the use of the disjunctive "or" and related punctuation establish that the Office's duties attach when the child is committed to the Department and does not require physical placement at a specific facility. *See id.* Thus, the Office may conduct interviews with a child adjudicated and committed to the Department where the child is located at the time. This necessarily includes county pre-adjudication facilities. *See supra* pp. 2−3.

### A. The Office is also authorized to inspect facilities housing a child who is awaiting transport to a Department facility.

You also ask whether the Office is permitted to "review and inspect" facilities when a child is housed in a "county pre-adjudication detention facility." Request Letter at 1−2; *see supra* p. 1 (referring to a child "adjudicated for delinquent conduct constituting a felony and . . . ordered committed to" the Department). You point us to subsections 261.101(a)(4) and (f)(1)(D). Request

Letter at 2; *see also* TEX. HUM. RES. CODE § 261.101(a)(4), (f)(1)(D). We again review the statutory text. *See Malouf*, 694 S.W.3d at 718.

### 1. Human Resources Code subsection 261.101(a)(4)

As part of its duties and powers, the Office must "periodically" inspect "the *facilities and procedures* of any institution or residence in which a child adjudicated . . . has been placed by the [D]epartment or a juvenile probation department, whether public or private, to ensure that the rights of children are fully observed." TEX. HUM. RES. CODE § 261.101(a)(4) (emphasis added).

This responsibility contemplates an ongoing duty to inspect facilities and related procedures as shown by the term "periodically," which means "at regular intervals of time." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 921 (11th ed. 2004); *cf.* TEX. HUM. RES. CODE §§ 261.105, .106, .055 (collectively providing for risk-based inspections conducted by the Office, the results of which are included in a quarterly report to state officials). *But cf. id.* § 261.101(a)(2)–(3) (collectively identifying powers and duties that require a triggering event to act, such as a submitted complaint).

This responsibility is limited to facilities where a child "*has been placed by* the [D]epartment or a juvenile probation department." TEX. HUM. RES. CODE § 261.101(a)(4) (emphasis added). "Placed" is not defined so we again look to the common and ordinary meaning and construe it within its statutory context. *See supra* p. 4. As stated previously, "placed" means "to put in as if in a particular place or position" as well as "to direct to a desired spot." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 946 (11th ed. 2004). This definition includes a physical placement as well as an assigned placement. Grammar serves only to confirm the same. Subsection 261.101(a)(4) uses the verb "has been," which is a verb construction using the present perfect tense. *See* GARNER'S MODERN AMERICAN USAGE at 779. This establishes that the action is "completed at the time of speaking," meaning the physical placement is complete. MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 982 (11th ed. 2004) (defining "present perfect"). And this makes sense in practice as the Office may only inspect a facility that is physically holding the child. To conclude otherwise would permit the Office to inspect a facility that does not presently house the child whose rights are being "investigat[ed], evaluat[ed], and secur[ed]." TEX. HUM. RES. CODE § 261.002.

Subsection 261.101(a)(4) also requires that the child "has been placed *by* the [D]epartment or a juvenile probation department." *Id.* § 261.101(a)(4) (emphasis added). This indicates that the child is not only physically located at the facility but also directed to the facility by the Department or juvenile probation department. Subsection 261.101(a)(4), however, does not specify that the child's location must be the final, permanent location. *See id.* Instead, the provision provides for the review or inspection of both the facilities and procedures of "any institution or residence . . . whether public or private" as long as the child is placed there by the Department or juvenile probation department. *Id.* County pre-adjudication facilities temporarily housing children awaiting transport to a Department facility are no exception.

## 2. Human Resources Code subsection 261.101(f)(1)(D)

The Human Resources Code further authorizes the Office to inspect "any other residential facility" where "a child adjudicated as having engaged in conduct indicating a need for supervision or delinquent conduct *is placed by court order*." *Id.* § 261.101(f)(1)(D) (emphasis added). Distinct from subsection 261.101(a)(4), this provision uses the verb "is placed" instead of "has been placed" and cites an official directive—*i.e.*, "by court order." *Id.* The phrase uses a present simple verb construction of "to be" and the past tense of "place." *See* GARNER'S MODERN AMERICAN USAGE at 777−78. This suggests the placement has already occurred, and context indicates it is both assigned and physical. The phrase "in which a child adjudicated . . . is placed by court order" modifies "any other residential facility" meaning the Office can inspect the facility where the child is placed by the court order. TEX. HUM. RES. CODE § 261.101(f)(1)(D). If the child is not at a facility, it would not follow that the Office could inspect it. But the Office's powers under this provision are limited to the court order's placement. *See id.* Therefore, the Office may only inspect a residential facility if a court order placed the child there. Whether that order speaks only to the final placement or includes pre-adjudication facilities, however, is a fact question beyond the scope of this opinion. *See* Tex. Att'y Gen. Op. No. KP-0240 (2019) at 1. Ultimately, the terms of the court-ordered placement controls.

# S U M M A R Y

The Office of Independent Ombudsman is authorized under subsections 261.101(a)(2) and (a)(3) of the Human Resources Code to interview a child adjudicated for delinquent conduct constituting a felony and committed to the Department who is located at a county pre-adjudication facility.

The Office is also authorized to inspect a county pre-adjudication facility under subsection 261.101(a)(4) if a child adjudicated for delinquent conduct constituting a felony and committed to the Department is placed there by the Department or juvenile probation department. Likewise, the Office may inspect the same under subsection 261.101(f)(1)(D) if the child is placed there by court order.

Very truly yours,

KEN PAXTON
Attorney General of Texas


BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

JOSHUA C. FIVESON
Chair, Opinion Committee

AMY L. K. WILLS
Assistant Attorney General, Opinion Committee